LUCY P. CHAPMAN, EX'X. *vs.* JAMES M. PENDLETON.

WASHINGTON—JANUARY 20, 1905.

PRESENT: Tillinghast, C. J., Douglas and Dubois, JJ.

(1) *Contribution. Evidence. Res Gestæ.*

In an action for contribution, under an alleged agreement of co-suretyship, between the defendant and the testator of plaintiff for the payment of the note of a third party, declarations of the testator in his own interest, which were mere narratives of past events made in the absence of the defendant, are inadmissible as part of the *res gestæ.*

(2) *Bills and Notes. Agreement for Co-Suretyship.*

To enlarge the liability of an endorser from that implied by law from the position of his signature on a note would require an express contract; for there cannot exist at the same time two inconsistent implications concerning the same subject-matter.

(3) *New Trial.*

A new trial will not be granted for physical or mental disability existing at the jury trial, where a party goes to trial without asking for a continuance on such grounds.

ASSUMPSIT. Heard on petition of plaintiff for new trial, and denied.

DUBOIS, J. This action is assumpsit for contribution under an alleged agreement of co-suretyship between the defendant and the testator of the plaintiff for the payment of the note of Eugene B. Pendleton, which note the plaintiff claims was afterwards endorsed by them pursuant to said agreement and was finally paid by her. The amount claimed by way of contribution is $2,384.23 and interest.

After nonsuit in the Common Pleas Division the plaintiff has brought her petition for a new trial based upon five grounds, the first four of which are exceptions to rulings made by the

justice presiding at the trial, and the fifth is a claim that the plaintiff did not have a full, fair, and impartial trial in said cause because of facts and circumstances set forth in her affidavit.

(1)    The first exception was taken to the ruling of the court that declarations of the testator made in his own interest, in the absence of the defendant, were not parts of the *res gestæ*. In this case the plaintiff claims the *res gesta* to be an agreement of the testator and the defendant to become joint sureties for the payment of the note of Eugene B. Pendleton.

Such an agreement may be either oral or written, and if written might easily have been made by way of addition to their signatures on the note if they had so desired. As no suggestion is made that there was any such written agreement, the claim must be taken to refer to an oral agreement. In either case, whether written or oral, as soon as the minds of the parties met the agreement was complete. It was an accomplished fact, a *res gesta*. It is said that events speaking for themselves through the instructive words and acts of the participants are parts of the *res gestæ*, but that evidence of the acts and words of participants when narrating the events is mere hearsay.. Whar. Cr. Ev. (9th ed.) § 262; *Graves* v. *The People, etc.*, 18 Colo. 170; *Havens* v. *Suburban Railway Co.*, 26 R. I. 48; Bouvier's Law Dic., Rawle's Revision, "*Res Gestæ.*"

We think that the presiding justice properly excluded declarations of the testator that were mere narratives of past events.

The second exception was to a ruling of the court that the following question to and answer of the plaintiff were immaterial: "Did you after that stock was pledged, at your husband's request, go and see one of the directors of the Niantic Bank and request him to see that J. M. Pendleton's name was kept upon that note? Answer. Yes."

We fail to discover the materiality of this testimony. As was said by Mr. Justice Douglas in *Chapman* v. *Niantic National Bank*, 26 R. I. 21, at p. 23: "The note never bound these parties as between themselves, and the obliteration of any or .all their names or the total destruction of the note would not

alter their relations to each other." And later, referring to the plaintiff, he continued: "Her right to recover does not depend upon James M. Pendleton's name continuing on the note, but on its having been put there under such an agreement; and the note is as good a piece of evidence with a line drawn through James M. Pendleton's signature as before."

The third exception was taken to a ruling of the court refusing to allow Henry S. Minor to testify that, after the stock was pledged, at the request of Asher H. Chapman and wife, he was asked, as director of the Niantic Bank, to see to it that J. M. Pendleton's name was kept on that note. The foregoing remarks relating to the second exception will apply to this.

(2)  The fourth exception was taken to the action of the court in granting a nonsuit, which he did in the following words: "I fail to see sufficient evidence to go to the jury. 40 Conn. p. 77, seems to me to contain some apt observations as well as 26 R. I. 21. Without ruling now as to whether there should be an express or implied agreement, I do not find any other evidence sufficient for sending this to a jury. You hold J. M. Pendleton by no contract; he has indorsed a note; the liability to the bank would be another question; but the mere signing of the note, the court having said not being sufficient, the court holds that there must be some agreement outside of that; therefore, I shall grant the motion for a nonsuit."

We find no error in this. The court might well have said, in addition, that to enlarge the liability of an endorser from that implied by law from the position of his signature on the note would require an express contract, for there can not well exist at the same time two inconsistent implications concerning the same subject-matter.

(3)  The claim that the plaintiff did not have a full, fair, and impartial trial is unsubstantial. If her physical and mental condition was such as she now claims, she should have moved for a continuance. A party will not ordinarily be permitted to go to trial without interposing objection for physical or mental disability, and afterwards present such condition as a ground for a new trial in case of dissatisfaction with the result.

Petition for a new trial denied, and case remitted to the

Common Pleas Division with direction to enter judgment for the defendant.

*Thomas H. Peabody and Frank L. Hanley*, for plaintiff.

*A. B. Crafts*, for defendant.